UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2017 JAN 20 PM 1:06
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JEFFREY TOPOL,

  Plaintiff,

v.

CASE No.: 6:17-cv-91-ORL-37-TBS

HCL AMERICA, INC., WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC., and, DONALD J. ROSS

  Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEFFREY TOPOL, by and through the undersigned counsel, brings this Complaint against Defendants, HCL AMERICA, INC., WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC., and DONALD J. ROSS in his individual capacity ("Defendants") and in support states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay overtime wages under 29 U.S.C. §215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in Orange County, because a substantial part of the acts and conduct charged herein occurred in this County, which lies within the Middle District of Florida.

4. Defendant HCL AMERICA, INC. conducted substantial, continuous and systematic commercial activities within Orange County, Florida. Specifically, Defendant HCL AMERICA, INC. paid Plaintiff his wages and contracted Plaintiff's services to businesses within this County.

5. Defendant WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC. has conducted substantial, continuous and systematic commercial activities within Orange County, Florida. Specifically, Defendant WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC. operates multiple businesses within this County and employed Plaintiff within this County.

6. All of the substantial events giving rise to these claims, including the unlawful employment practices of Defendants, arose in this County, which lies within the Middle District of Florida.

## PARTIES

7. Plaintiff is a resident of Polk County, Florida.

8. Defendant HCL AMERICA, INC. is a foreign company headquartered in California. Defendant HCL AMERICA, INC. is authorized to do business, and doing business in Orange County, Florida. Specifically, Defendant HCL AMERICA, INC. operates a business solutions corporation that serves clients across the country, including Florida.

9. Defendant WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC. is authorized to do business, and doing business in Orange County, Florida. Specifically, Defendant DISNEY ENTERPRISES, INC. operates multiple parks and resorts in Orlando, Florida..

## GENERAL ALLEGATIONS

10. Plaintiff has satisfied all conditions precedent, or they have been waived.

11. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

12. Plaintiff requests a jury trial for all issues so triable.

13. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

14. At all times material hereto, Defendant HCL AMERICA, INC. was an "employer"

2

within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. Specifically, Defendant HCL AMERICA, INC. contracted Plaintiff's services out to another business, controlled aspects of Plaintiff's employment and issued pay checks to Plaintiff, compensating Plaintiff for the work that Plaintiff performed for Defendant WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC.

16. At all times material hereto, Defendant WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC. was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Specifically, Defendant WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC. assigned work tasks to Plaintiff, controlled aspects of Plaintiff's employment, and recorded the hours that Plaintiff worked.

18. Defendants continue to be "employers" within the meaning of the FLSA.

19. At all times material hereto, Defendants were and continue to be enterprises covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

20. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

21. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

22. Defendant DONALD J. ROSS is a supervisor employed by Defendant WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC.

23. As part of his duties, Defendant DONALD J. ROSS supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff.

24. Through the exercise of dominion and control over all employee-related matters at Defendant WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC., in his individual capacity Defendant DONALD J. ROSS is also an "employer" within the meaning of the FLSA.

25. At all times material hereto, Plaintiff, while employed by Defendants, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

26. Specifically, Plaintiff was not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendants; he had no special or professional qualifications and skills for the explicit use of which he was employed by Defendants; and he had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

27. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

28. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

29. Plaintiff was employed by Defendants as a Structured Query Language Server Database Administrator. Specifically, Plaintiff was hired by Defendants in July 2012, and he worked for Defendants in this capacity until May 2015.

30. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

31. As a non-exempt employee, Plaintiff was entitled to be paid an overtime premium for all of the hours in excess of forty (40) hours per week that Plaintiff worked. Specifically, Plaintiff was entitled to be compensated for all of the overtime hours that he worked at a rate equal to one and one-half times Plaintiff's regular hourly rate.

32. Defendants failed to pay Plaintiff the overtime premium mandated by the FLSA for all of the overtime hours that Plaintiff worked.

33. Plaintiff was hired by Defendant HCL AMERICA, INC. which contracted out Plaintifrs services to Defendant WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC.

34. At the direction of Defendant DONALD J. ROSS, Plaintiff worked numerous overtime hours, for which Plaintiff was never compensated.

35. Plaintiff complained at monthly meetings to Defendant DONALD J. ROSS of the unpaid overtime hours that Plaintiff had worked.

36. Defendant DONALD J. ROSS told Plaintiff to work "flex time," where employees can take a day off and get paid for it, but Plaintiff's work schedule forbid "flex time."

37. Plaintiff continued to complain to management of the uncompensated overtime hours that he had worked, but Defendants ignored Plaintiff's complaints.

38. On or around May 1, 2015, Defendant WALT DISNEY PARKS AND RESORTS WORLDWIDE, INC. terminated Plaintiff's employment.

39. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

41. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

43. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE,* Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendants stating that Defendants' violations of the

FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

DATED this ___ day of January, 2017.

Respectfully submitted,

**BRANDON J. HILL**
Florida Bar No. 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: mk@wfclaw.com
**Attorneys for Plaintiff**