# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and among **JEFFREY TOPOL** ("Topol") and **HCL AMERICA, INC., WALT DISNEY PARKS AND RESORTS U.S., INC.,** and **DONALD J. ROSS** (collectively referred to as "Defendants") (all parties collectively referred to as the "Parties"). This Agreement shall be effective on the date it receives Court approval or on the date of its execution by all Parties, whichever is later (the "Effective Date").

## RECITALS

**A.**     Topol filed a civil action in the United States District Court for the Middle District of Florida, against Defendants styled *Topol v. HCL America, Inc. et al.*, Case No. 6:17-cv-00091-PGB-KRS (the "Action"), alleging that Defendants violated the Fair Labor Standards Act (the "FLSA").

**B.**     Defendants deny that they are liable to Topol under the allegations set forth in the Action or any other cause of action that could arise out of Topol's alleged employment relationship with any of Defendants. Specifically, Defendants deny that Topol was ever their employee. Topol acknowledges that Defendants' settlement of the Action does not constitute an admission of liability or an admission of any wrongdoing regarding Topol's alleged employment by or relationship with Defendants, and that Defendants are settling this matter to avoid any further cost and expense of litigation;

**C.**     The Parties are entering into this Agreement for the purpose of settling, compromising and resolving the Action.

**D.**     The Parties have entered into good faith settlement negotiations resulting in this Agreement. The purpose of this Agreement is to settle and compromise the Action, along with any and all prior and existing disputes, claims and controversies between the Parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the Parties existing prior to the execution of this Agreement. The Parties acknowledge that settlement of the Action is in their mutual best interests.

**E.**     The Parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties expressly, knowingly and voluntarily agree as follows:

**1.**     **Recitals:** The Parties acknowledge that all of the Recitals are incorporated as material parts of this Agreement.

**2.**     **No Admission of Liability:** Topol agrees and acknowledges that this Agreement (including any of its discrete sub-parts) is not and shall not be construed as an admission by any Defendant (or any person or entity acting on any Defendant's behalf) of any liability or any act

or wrongdoing whatsoever, including without limitation, any violation: (1) of any federal, state or local law, statute, regulation, code or ordinance; or (2) of any legal, common law or equitable duty owed by any Defendant to anyone.  Further, Defendants do not admit: (1) that they have violated the FLSA or any other law or regulation; (2) that they have any liability under the FLSA; (3) that Topol is the prevailing party; or (4) that Topol was ever their employee.

    **3.**    **Settlement Terms:**   In consideration of the promises contained in this Agreement, Defendants shall pay or cause to be paid, the total sum of $13,500.00 (the "Settlement Payment"), in full settlement and satisfaction of the Action, including, but not limited to, Topol's claims for attorneys' fees and costs.  Within twenty-one (21) business days of Court's order granting the Parties' Joint Motion for Approval (described in paragraph 4, below), Defendants shall deliver the settlement checks to Topol's counsel.  The Settlement Payment shall be made as follows:

    **a.**    One check or wire made payable to Jeffrey Topol in the amount of $9,000.00 (an IRS Form 1099 shall be issued in connection with this payment), in full settlement of Topol's claims under the FLSA;

    **b.**    One check or wire made payable to Jeffrey Topol in the amount of $1,000.00 (an IRS Form 1099 shall be issued in connection with this payment), as consideration for the release contained in paragraph 6 of this Agreement;

    **c.**    One check or wire made payable to Wenzel Fenton Cabassa, P.A. in the amount of $3,500.00 (an IRS Form 1099 shall be issued in connection with this payment), in full settlement of attorneys' fees and costs.

    **4.**    **Judicial Approval of Settlement and Dismissal of Civil Action:** Within ten (10) business days after Defendants receive a copy of this Agreement executed by Topol, the Parties will file a Joint Motion for Approval of Settlement of the Action, seeking the Court's approval of this Settlement Agreement and dismissal of this action.  The parties agree that, at Defendants' sole option and in Defendants' sole discretion, this Agreement shall be null and void in the event that the Court fails to approve this Agreement.

    **5.**    **No Other Suits or Claims:**  Topol, by and through his attorneys, represents that he has no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Defendants, their subsidiaries, related and affiliated companies (including, without limitation, Walt Disney Parks and Resorts Worldwide, Inc.), parent companies or their current and former employees, owners, officers, directors, partners, shareholders, stakeholders, agents, attorneys, insurers, re-insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board, other than the Action; nor is he aware of any facts that would serve as the basis for any civil or administrative proceeding.  Specifically, and not by limitation, Topol acknowledges and agrees that with the funds paid pursuant to this Agreement, he has been properly paid for all hours worked, and that he is not entitled to any other wages, benefits, compensation or payments from any Defendant or any of their related entities or affiliates.  The provisions of this paragraph shall not bar Topol from filing an action with respect to the

enforcement or interpretation of this Agreement, or from participating in any action or proceeding in which he is compelled lawfully to do so pursuant to a court order or subpoena. Moreover, nothing in this Agreement shall preclude Topol from participating in any investigation as conducted by any governmental agency, or joining or filing a charge with any administrative agency as long as he does not seek any damages, remedies, or other relief for himself personally, or personally share in the proceeds of any monetary settlement or award, which he promises not to do, and any right to which he hereby waives, unless prohibited by law. Further, nothing in this Agreement shall be construed to waive or limit any right by Topol to receive and retain an award for information provided to the S.E.C., or an award from a government-administered whistleblower award program for providing information directly to a governmental agency.

6.   **Release:** In consideration of Defendants' obligations under paragraph 3(b) of this Agreement, Topol, on his own behalf, and on behalf of his family, heirs, executors, spouse, agents, administrators, successors and assigns, legal representatives and their respective successors and assigns (collectively referred to as the "Releasors"), hereby remises, releases, acquits, satisfies, and forever discharges Defendants, their subsidiaries, related and affiliated companies (including, without limitation, Walt Disney Parks and Resorts Worldwide, Inc.), parent companies and each of their current and former employees, owners, officers, directors, partners, shareholders, stakeholders, agents, attorneys, insurers, re-insurers, legal representatives, successors, or assigns (collectively referred to as the "Releasees") of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, demands and liabilities whatsoever, whether statutory, in law or in equity, which the Releasors ever had, now have or may now have against the Releasees from the beginning of the world up to and including the Effective Date of this Agreement, that (a) were asserted in the Action; and/or (b) arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, or any similar or corresponding federal, state, or local wage and hour law, rule, or regulation; and/or (c) are for unpaid compensation, overtime, or wages under any federal, state or local law, rule, regulation, executive order or guideline or common law.

This Release is not intended to include any claims or causes of action to enforce the terms of the Agreement itself.

This Release is intended as a legally binding document and to cancel any and all rights of Topol against Releasees as to the claims released therein. Topol acknowledges that he would not be entitled to the payment referenced in paragraph 3(b) of this Agreement but for his execution of this Release. Topol further acknowledges that he has had the opportunity to obtain the assistance and advice of legal counsel in reviewing and understanding this Release, that he indeed has had the assistance of counsel in reviewing and understanding this Release, that he was given a reasonable period of time within which to consider this Release, and that he understands completely this Release and the legal effect thereof.

Employee further waives any and all claims, rights or benefits Employee may have under Section 1542 of the *Civil Code* of California, which provides as follows:

**"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Employee hereby expressly waives and relinquishes all rights and benefits under California *Civil Code* § 1542 to the fullest extent that Employee may lawfully waive such rights or benefits pertaining to the subject matter of the Agreement. In furtherance of such intention, the release given in this Agreement shall be and remain in effect as a full and complete release of the claims identified herein notwithstanding the discovery or existence of any additional different claims or facts.

7.    **Confidential Information:** Topol understands and agrees that in the course of his engagement by Defendants, he acquired and/or had access to confidential information, trade secrets, proprietary data and/or non-public information concerning the business, professional and/or personal affairs, activities and operations of Defendants, Defendants' owners, subsidiaries and affiliates and/or the officers, employees and/or representatives of any of them (collectively, the "Companies") and Defendants' plans, methods of doing business and practices and procedures, as well as confidential information disclosed to Topol from time to time by third parties, any or all of which (the "Information") Topol understands and agrees would be extremely damaging to the Companies if disclosed to a competitor or made available to any other person or corporation. Topol understands and agrees that the Information was divulged to him in confidence, and Topol further understands and agrees that he has obtained the Information in a fiduciary relationship of trust and confidence, that he will keep the Information strictly and completely secret and confidential for all time, both now and hereafter, and that he will not disclose in any way, directly or indirectly, or otherwise use for his benefit or for the benefit of any third party any part or all of the Information. In addition, Topol agrees to continue to honor all confidentiality commitments of Defendants known to him to any third parties. The obligations of this Paragraph 8 not to disclose the Information shall not apply to the extent that Topol is required by law to respond to any demand for the Information from any court, governmental entity or governmental agency. If Topol is required by law to so respond, Topol agrees to provide Companies with prompt notice thereof so that Topol may seek a protective order or other appropriate remedy. Pursuant to the federal Defend Trade Secrets Act of 2016, Topol shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret of Defendants that: (i) is made in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; solely for the purpose of reporting or investigating a suspected violation of law; or (ii) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Moreover, if Topol files a lawsuit for retaliation by any of the Defendants for reporting a suspected violation of law, he may disclose a trade secret to his attorney and use the trade secret information in the court proceeding; provided, however that Topol: (i) shall file any document containing the trade secret under seal; and (ii) shall not disclose the trade secret, except pursuant to a court order. The undertakings set forth in this Paragraph 8 shall survive the termination of other arrangements contained in this Agreement.

10.    **No Admission of Liability:** Topol understands and agrees that Defendants admit no liability with respect to the Action, his claims, or any other claim related to or arising

out of his alleged employment or association with any Defendant or any of their affiliates or related entites, or any other matters.

**11.    Controlling Law and Venue:**  This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, regardless of choice of law principles to the contrary.  In addition, Topol acknowledges that jurisdiction and venue over any claims arising under or relating to this Agreement shall lie exclusively with the United States District Court for the Middle District of Florida, or, if that court refuses jurisdiction, in any state court of competent jurisdiction in Florida.  At least ten (10) business days prior to commencing an action based on the alleged breach of this Agreement, the complaining party must give written notice to the other party via facsimile and certified mail of that party's intent to file an action.

**12.    Voluntary Acceptance:**  Topol represents and acknowledges that he: (1) has consulted with his attorney, Brandon J. Hill, prior to executing this Agreement; (2) has been represented by Brandon J. Hill in the negotiation of this Agreement; (3) has carefully read and fully understands all of the terms of this Agreement; (4) has had reasonable time and opportunity to consider this Agreement; and (5) has voluntarily entered into this Agreement.

**13.    No Reliance:**  Topol represents and acknowledges that in executing this Agreement, he did not rely and has not relied upon any representation or statement made by any Defendant, or by any of Defendants' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement, other than the promises and representations made in this Agreement.

**14.    Interpretation:**  The parties agree that this Agreement is a product of the drafting efforts of all parties, and the rule of interpreting an agreement against a drafting party does not apply.

**15.    Severability:**  It is the desire and intent of the Parties hereto that the provisions of this Agreement be enforced to the fullest extent permissible under law.  If any portion or provision of this Agreement (including, without implication of limitation, any portion or provision of any section of this Agreement) is legally determined to be unenforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said unenforceable portion or provision shall be deemed not to be a part of this Agreement.

**16.    Assignment:**  Topol hereby warrants that none of the claims or causes of action released herein has been assigned or transferred, in whole or in part, to another person or entity. Topol agrees to indemnify, defend and hold Releasees harmless from any and all claims brought in violation of this paragraph or any other warranty or representation contained in this Agreement.

**17.    Headings:**  The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

**18.    Execution in Counterparts:**  The Parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

**19.    Authority:**  Each Party represents that each person executing this Agreement on its (or his) behalf has been authorized to sign on behalf of the respective party and to bind it (or him) to the terms of this Agreement and that the respective Parties have the power and authority to perform their respective obligations as provided by this Agreement.

**20.    Entire Agreement:**  This Agreement contains the entire agreement between the Parties, and no agreements, representations, or statements of any party relating to their claims not contained herein shall be binding on such party.

**NOW, THEREFORE,** the Parties have executed this Agreement freely and voluntarily, as of the dates set forth below.

JEFFREY TOPOL

Date:  _8/18/2017_                        Signature:  _____

STATE OF FLORIDA
COUNTY OF ~~ORANGE~~ _Hillsborough_

Before me, the undersigned NOTARY public, on this date personally appeared _Jeffrey Topol_
_____, who ✓ is personally known to me   OR   ✓ has produced
_FLDL T140421520980_ as identification, and acknowledges that he has executed the same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this _18th_ day of _August_, 2017.

_____
Notary Public in and for the State of Florida

Signer identified by:

☑  Personal Knowledge; or

☑  Production of Identification
_FLDL T140421520980_
Type of Identification Produced

My Commission Expires:

SANDRA L. ORRICO
MY COMMISSION # GG 132660
EXPIRES: August 13, 2021
Bonded Thru Notary Public Underwriters

6

Date: *August 14, 2017*

_____
WALT DISNEY PARKS AND RESORTS U.S., INC.

By: *Armando Rodriguez-Feo*

Its: *Authorized Signatory*

STATE OF FLORIDA

COUNTY OF *Orange*

Before me, the undersigned notary public, on this date personally appeared *ARMANDO RODRIGUEZ-FEO*, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledges that he has executed the same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this *14th* day of *August*, 2017.

_____
Notary Public in and for the State of Florida

Signer identified by:

☑   Personal Knowledge; or

☐   Production of Identification

_____
Type of Identification Produced

My Commission Expires:

MARY TAYLOR
Notary Public - State of Florida
My Comm. Expires Jun 25, 2018
Commission # FF 102794

7

Date: _8/15/17_

_W. Michael Battle_

**HCL AMERICA, INC.**

By: _W. Michael Battle_

Its: _Senior Director - Legal_

STATE OF ~~FLORIDA~~ North Carolina
                                  SP

COUNTY OF _Wake_

Before me, the undersigned notary public, on this date personally appeared _W. Michael Battle_, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledges that he has executed the same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this _15th_ day of _August_, 2017.

_Sonravea Privette_

Notary Public in and for the State of ~~Florida~~
                                                  North Carolina
                                                  SP

Signer identified by:

☑ Personal Knowledge; or

☐ Production of Identification

Type of Identification Produced

My Commission Expires: _06/15/2018_

SONRAVEA PRIVETTE
Notary Public
North Carolina
Franklin County

8

DONALD J. ROSS

Date: _8/14/17_                    Signature: _Donald J Ross_

STATE OF FLORIDA

COUNTY OF ORANGE

Before me, the undersigned NOTARY public, on this date personally appeared _____ _Donald J Ross_, who _✓_ is personally known to me   OR _____ has produced _____ as identification, and acknowledges that he has executed the same for the purposes and consideration herein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME this _14th_ day of _August_, 2017.

_Mary Taylor_
Notary Public in and for the State of Florida

Signer identified by:

☒   Personal Knowledge; or

☐   Production of Identification

_____
Type of Identification Produced

My Commission Expires:

```
MARY TAYLOR
Notary Public - State of Florida
My Comm. Expires Jun 25, 2018
Commission # FF 102794
```

9