**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JEFFREY TOPOL,**

       **Plaintiff,**

v.                                                Case No:   6:17-cv-91-Orl-40KRS

**HCL AMERICA, INC., WALT DISNEY
PARKS AND RESORTS U.S., INC., and
DONALD J. ROSS,**

       **Defendants.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED JOINT MOTION BY PLAINTIFF AND DEFENDANTS FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF PLAINTIFF'S ACTION (Doc. No. 68)**
>
> **FILED:** August 22, 2017

### I. BACKGROUND.

Plaintiff Jeffrey Topol filed a complaint against Defendants HCL America, Inc. ("HCL"), Walt Disney Parks and Resorts U.S., Inc. ("Disney"), and Donald J. Ross ("Ross") on January 20, 2017. Doc. No. 1. In his Complaint, Plaintiff alleges that HCL contracted his services out to Disney and that Ross was his supervisor at Disney. *Id.* ¶¶ 15, 22. Plaintiff contends that at various times, he worked in excess of forty hours per week, but Defendants failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq. Id.* ¶ 30.

Defendants answered the complaint on March 10, 2017. Doc. Nos. 28, 30. The parties subsequently settled the case and filed a motion requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 64. I denied that motion without prejudice based on concerns that several provisions in the Settlement Agreement undermined its fairness. Doc. No. 65. The parties subsequently amended the Settlement Agreement to address those concerns and now renew their motion for settlement approval.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*,

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III. ANALYSIS.

### A. *Whether Plaintiff Has Compromised His Claims.*

Under the Settlement Agreement, Defendants will pay Plaintiff a total of $13,500.00—$9,000.00 in full settlement of his FLSA claim, $1,000 in exchange for a general release, and $3,500.00 to Plaintiff's counsel. Doc. Nos. 68, at 4; 68-1, at 2 ¶ 3.

In his answers to the Court's FLSA Interrogatories, Plaintiff estimated that he was entitled to $19,600.00 in unpaid wages. Doc. No. 52, at 2. Because Plaintiff will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claim within the meaning of *Lynn's Food*.

### B. *Whether the Amount Is Fair and Reasonable.*

Because Plaintiff has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable.

The parties agree that this action involves disputed issues, so much so that Plaintiff voluntarily dismissed this action at one point and re-filed it after additional facts were discovered. The parties state that the primary dispute between them is whether Plaintiff was in fact an employee of any of the Defendants, and if so, whether he was entitled to overtime compensation and in what amount. Doc. No. 68, at 3. Based on the available evidence, the parties represent that it was unlikely that Plaintiff might recover either liquidated damages or get a three-year look back period. *Id.* at 4. These factual disputes explain the parties' compromise, and they believe the settlement is

fair, given the disputed issues, probability of success on the merits, and the complexity, expense, and length of future litigation. *Id.* I therefore recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

        *C.      Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Plaintiff has compromised his FLSA claim, the Court must consider whether the payment to his counsel is reasonable, to ensure that the fees and costs to be paid to his counsel did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Plaintiff's counsel will receive $3,500.00. Doc. No. 68-1, at 2 ¶ 3. Both parties represent that this amount was negotiated separately from Plaintiff's recovery and without regard to the amount to be paid to Plaintiff. Doc. No. 68, at 4-5. In the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of his FLSA claims. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

        *D.      Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Plaintiff's release of claims in the Settlement Agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, the

release states that Plaintiff, on behalf of himself, his family, heirs, executors, spouse, agents, administrators, successors and assigns, legal representatives and their respective successors and assigns releases Defendants and their subsidiaries, related and affiliated companies, parent companies, current and former employees, owners, officers, directors, partners, shareholders, stakeholders, agents, attorneys, insurers, re-insurers, legal representatives, successors or assigns from any action or claims "that (a) were asserted in the Action; and/or (b) arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, or any similar or corresponding federal, state, or local wage and hour law, rule, or regulation; and/or (c) are for unpaid compensation, overtime, or wages under any federal, state or local law, rule, regulation, executive order or guideline or common law." Doc. 68-1, at 3 ¶ 6. The release is supported by $1,000.00 in consideration. *Id.* at 2, ¶ 3.b.

Some Judges have found general releases to be overbroad if they are not limited only to the claims asserted in the FLSA case. *See*, *e.g.*, *Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding unreasonable release of wage claims under the Florida Minimum Wage Act and the Florida Constitution when complaint raised only overtime compensation claim under the FLSA). Other Judges, including the presiding Judge, have found that releases limited to wage claims generally are reasonable *See Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the FLSA, the Florida Constitution and the Florida Minimum Wage Act). Accordingly, if the Court finds that the release is appropriately limited to wage claims, then the Court may conclude that the release does not undermine the reasonableness of the settlement.

*E. Dismissal of Third-Party Complaint.*

Finally, invoking the Court's supplemental jurisdiction, HCL filed a Third Party Complaint against Artech Information Systems, LLC and IT Staffing, Inc. asserting contractual claims for indemnification. Doc. 35. Both Artech and IT Staffing have filed motions to dismiss the third-party complaint. Doc. Nos. 45, 47. HCL acknowledges that if the Settlement Agreement is approved, it is likely that the Court would decline to exercise supplemental jurisdiction over those claims. Because the settlement and dismissal of Topol's FLSA claims would result in the dismissal of all claims over which the Court has original jurisdiction, I recommend that if the Court approves the Settlement Agreement, it also dismiss without prejudice the third-party complaint, pursuant to 28 U.S.C. § 1367(c)(3).

## IV. RECOMMENDATIONS.

In light of the foregoing, if the Court determines that the release does not undermine the fairness of the settlement, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT in** part the Renewed Joint Motion by Plaintiff and Defendants for Approval of Settlement Agreement and Dismissal of Plaintiff's Action (Doc. No. 68);

2. **FIND** that the parties' Settlement Agreement (Doc. No. 68-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **DECLINE** to reserve jurisdiction to enforce the settlement;

4. **DISMISS** the Complaint with prejudice;

5. **DECLINE** to exercise supplemental jurisdiction over the Third-Party Complaint and **DISMISS** that pleading; and

6. **DIRECT** the Clerk of Court to close the file.

If the Court determines that the release undermines the fairness of the settlement, then I **RECOMMEND** that the Court **DENY** the Renewed Joint Motion by Plaintiff and Defendants for Approval of Settlement Agreement and Dismissal of Plaintiff's Action (Doc. No. 68).

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 29, 2017.

    *Karla R. Spaulding*
    KARLA R. SPAULDING
    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy